IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.:

DANIELLYS SANCHEZ REYES, an individual,

    Plaintiff,

v.

CUBANS BE LIKE, LLC, a Florida Limited
Liability Company; and YOLANDA FORNARIS,
Individually,

    Defendants.

_____/

## **COMPLAINT**

COMES NOW, Plaintiff, DANIELLYS SANCHEZ REYES ("Plaintiff"), by and through the undersigned counsel, hereby sues Defendants, CUBANS BE LIKE, LLC ("Defendant" or "CBL") and YOLANDA FORNARIS ("Defendant" or "FORNARIS") (hereinafter collectively referred to as "Defendants"), and alleges as follows:

### **NATURE OF THE ACTION**

1. This an action by the Plaintiff for damages for unpaid minimum and overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), to recover wages and redress damages to the Plaintiff by the Defendants for their unlawful wage-based violations.

### **JURISDICTION AND VENUE**

2. Plaintiff, at all times relevant hereto, was and currently is a resident and citizen of Lee County, Florida.

3. Plaintiff worked for Defendants out of Defendants' business location in Fort Myers, Florida during the relevant period of this action and within the statute of limitations applicable to the instant claims.

4. Defendant CUBANS BE LIKE, LLC is a Florida Limited Liability Company with its principal place of business located in Lee County, Florida.

5. Defendant YOLANDA FORNARIS, at all times relevant hereto, was and is a citizen of Florida.

6. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216.

7. This Court has original jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331.

8. Venue is proper in this Court as the acts and omissions giving rise to the causes of action alleged herein accrued in Lee County, Florida, within the jurisdiction of this Honorable Court, where, at all times relevant, Plaintiff worked for Defendants.

## CONDITIONS PRECEDENT

9. Plaintiff has complied with all conditions precedent to bringing this action, if any, or such conditions have been waived.

## PARTIES and COVERAGE

10. The Plaintiff is *sui juris* and is a former employee of Defendants who, at all times relevant to this action, performed work for Defendants as an hourly paid employee at Defendants' principal place of business during the relevant period of this action.

11. At times relevant hereto, Plaintiff was a covered employee under the FLSA.

12. Defendant CBL, at all times relevant hereto, was and is an enterprise engaged in interstate commerce, as defined by the FLSA.

13. Defendant FORNARIS, at all times relevant hereto, was and is a corporate officer and owner of, and exercised operational control over the activities of, Defendant CBL.

14. Defendants, at all times material hereto, are and were employers, as defined by the FLSA.

## GENERAL FACTUAL ALLEGATIONS

15. Plaintiff is *sui juris* and at all relevant times was and is a resident domiciled within Lee County,

Florida.

16. Plaintiff worked for Defendants, primarily as a back of house dishwasher and cook, at their place of business in Lee County during the relevant period of this action.

17. Corporate Defendant CBL is an organization or enterprise engaged in interstate commerce with respect to its business and employees.

18. Individual Defendant FORNARIS, at all times material hereto, was and is a corporate officer and owner of corporate Defendant CBL, having operational control over the business and Plaintiff's employment, acting directly in the interest of Defendant CBL in relation to its employees, including the Plaintiff.

19. Plaintiff was employed by Defendants from January 15, 2022 through December 28, 2023.

20. Throughout Plaintiff's employment with Defendants, Plaintiff performed her duties in an exemplary fashion and at or above satisfactory levels.

21. Defendants did not display a DEO poster in English and Spanish for the applicable minimum and overtime wage and hour laws in a conspicuous and accessible place at their place of business where Plaintiff worked during the period of Plaintiff's employment.

## Defendants' Wage Violations

22. At all times material hereto, Plaintiff was employed by Defendants as an hourly, FLSA non-exempt back of house kitchen staff, primarily performing cooking and cleaning duties, as well as occasionally being assigned to work as a busser.

23. At all times material, Plaintiff and Defendants were engaged in an agreement whereby Plaintiff would be employed by Defendants and that Plaintiff would be properly paid as provided by, and not in violation of, the laws of the United States and the State of Florida.

24. Plaintiff's starting hourly rate of pay with Defendants was eleven ($11) dollars per hour.

25. Plaintiff's rate of pay periodically increased during her employment. Around the end of March 2022, Plaintiff's rate of pay increased to twelve ($12) dollars per hour; around mid-August 2022, Plaintiff's rate of pay increased to thirteen ($13) dollars per hour; around mid-October 2022, Plaintiff's rate of pay increased to fourteen ($14) dollars per hour; and around September 2023, Plaintiff's rate of pay increased to fifteen ($15) dollars per hour.

26. From the start of Plaintiff's employment with Defendants until around September 2023, Plaintiff worked an average of six (6) days per week; thereafter, and until the end of her employment with Defendants, Plaintiff worked an average of five (5) days per week.

27. From the start of her employment until around September 2023, Plaintiff consistently worked in excess of forty (40) hours per week. Thereafter, and until the end of her employment, Plaintiff only occasionally worked in excess of forty (40) hours per week.

28. During the period when Plaintiff was working an average of six (6) days per week, she estimates that she worked an average of approximately fifty (50) to sixty (60) hours per week.

29. During the period when Plaintiff was working an average of five (5) days per week, she estimates that she worked an average of approximately thirty-five (35) hours per week, sometimes working a few hours above forty (40) in a workweek.

30. Despite Plaintiff having consistently worked a considerable number of overtime hours throughout most of her employment, Defendants failed to compensate Plaintiff at one-and-one-half times her hourly rate for any of the hours she worked in excess of forty (40), only paying her "straight time" at her regular rate for all hours worked.

31. Plaintiff was not paid at the proper overtime wage rate for her hours worked in excess of forty (40) each week, as proscribed by the laws of the United States and the laws of the State of Florida.

32. At all times material hereto, though Defendants were on notice of and/or had full knowledge of

all hours worked by Plaintiff, including those hours worked in excess of forty (40) in a given work week, they routinely and continuously failed to properly compensate Plaintiff for her hours worked in excess of forty (40) hours per week.

33. On information and belief, Defendants intentionally, and with reckless disregard for Plaintiff's rights, failed to pay Plaintiff the prescribed additional half-time rate for her hours worked in excess of forty (40) during her employment due to a supposed belief that she is not entitled to such additional compensation because of her citizenship status and/or because Defendants improperly designated her as an independent contractor.

34. At all times material to this action, Plaintiff worked for Defendants as an employee, as demonstrated by her daily/weekly schedules and job duties being assigned by Defendants via text and/or group WhatsApp messages; receiving regular supervision from Defendant FORNARIS and other officers and/or managers of CBL; receiving on-the-job training from other kitchen employees to perform cooking duties; receiving weekly or biweekly payment of wages based on the number of hours she worked, not based on projects or units completed; receiving shirts/uniforms with CBL's name/logo, which she had to wear while working; and the extended length of the Plaintiff's exclusive employment relationship with Defendants, during which she performed duties for Defendants which were integral to Defendants' day-to-day business.

35. On information and belief, Defendants did not act in good faith or reliance upon case law; Department of Labor Opinion Letters; or the FLSA, 29 U.S.C. § 201, *et seq.* in formulating its pay practices referenced herein.

36. Defendants knew or should have known the hours that Plaintiff was working, including overtime hours, and that federal and state law requires employees to be compensated at a rate of time and one-half their regular rate of pay for all hours worked in excess of forty (40) in a given workweek.

37. At all times material hereto, Defendants maintained complete control over the hours Plaintiff worked and the pay she was to receive.

38. Plaintiff has been financially harmed and injured by Defendants' improper pay practices, as it resulted in Plaintiff being subjected to unfair and unlawful payment of wages.

39. Accordingly, Plaintiff seeks to recover her actual damages, liquidated damages, as well as reasonable attorneys' fees and costs pursuant to the FLSA.

## COUNT I
## VIOLATIONS OF THE FAIR LABOR STANDARDS ACT
### *Against CUBANS BE LIKE, LLC*

40. Plaintiff reincorporates, re-avers, and re-adopts all allegations contained within Paragraphs 1-39 above.

41. This action is brought by the Plaintiff to recover from Defendant CBL unpaid minimum and overtime wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201, *et seq.*

42. At all relevant times, Plaintiff was a non-exempt employee of Defendant, as defined by the FLSA.

43. At all times material hereto, Defendant was and continues to be an employer within the meaning of the FLSA.

44. At all times relevant to this action, Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the corporate Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate

commerce, particularly with respect to its employees.

45. Upon information and belief, at all times material hereto, corporate Defendant's annual gross revenue exceeded $500,000 per annum on its own, or as part of a joint enterprise with other corporate entities which are as of yet unknown but can/will be revealed through further discovery. To the extent that corporate Defendant operated as part of a joint enterprise, it did so with corporate entities that performed related activities, under the common control of individual Defendant FORNARIS, and for common business purposes related to the work performed by Plaintiff for the corporate Defendant.

46. By reason of the foregoing, the Defendant is and was, during all times relevant and hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

47. By failing to pay minimum and/or overtime wages, Defendant CBL has violated and continues to violate the FLSA, including sections 206, 207, and 215.

48. Plaintiff seeks to recover for unpaid minimum and overtime wages accumulated from the date of hire and/or from three (3) years from the date of the filing of this Complaint.

49. Defendant knew and/or showed reckless disregard for the provisions of the FLSA concerning the payment of minimum and overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff these unpaid wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

50. Defendant CBL knew that it was required to pay its employees, including Plaintiff, for all hours worked, for both regular and overtime hours but acted with reckless disregard to its

requirements under the law.

**WHEREFORE,** Plaintiff seeks an entry of a judgment against Defendant CBL that it has violated the FLSA and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights; to be awarded the full amount of actual damages shown to be due for unpaid minimum and overtime wage compensation for her hours worked, with interest; an award of liquidated damages/double damages in an amount equal to the actual damages shown to be due for unpaid minimum and overtime wage compensation; to recover the reasonable attorneys' fees and costs associated with bringing this action; and to be granted any other affirmative and/or equitable relief this Honorable Court deems just and proper under the circumstances.

## COUNT II
## VIOLATIONS OF THE FAIR LABOR STANDARDS ACT
### *Against YOLANDA FORNARIS*

51. Plaintiff reincorporates, re-avers, and re-adopts all allegations contained within Paragraphs 1-39 above.

52. This action is brought by the Plaintiff to recover from Defendant FORNARIS unpaid minimum and overtime wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201, *et seq.*

53. At all relevant times, Plaintiff was a non-exempt employee of Defendant, as defined by the FLSA.

54. At all times relevant to this action, Defendant FORNARIS was and is a corporate officer of corporate Defendant CBL.

55. Defendant was an employer of Plaintiff within the meaning of Section 3(d) of the Fair Labor Standards Act, 29 U.S.C. § 203(d), in that FORNARIS acted directly in the interests of Defendant CBL in relation to the employees of CBL, including Plaintiff.

56. Defendant had operational control of the business and is thus jointly liable for Plaintiff's damages.

57. By failing to pay minimum and/or overtime wages, Defendant FORNARIS has violated and continues to violate the FLSA, including sections 206, 207, and 215.

58. Plaintiff seeks to recover for unpaid minimum and overtime wages accumulated from the date of hire and/or from three (3) years from the date of the filing of this Complaint.

59. Defendant FORNARIS knew that she was required to pay her employees, including Plaintiff, for all hours worked, for both regular and overtime hours, but acted with reckless disregard to her requirements under the law.

60. Defendant willfully and intentionally refused to properly pay Plaintiff, as required by the laws of the United States and provisions of the FLSA concerning the payment of minimum and overtime wages and remains owing Plaintiff these unpaid wages since the commencement of her employment with Defendant, as set forth above. As such, Plaintiff is entitled to recover double damages.

   **WHEREFORE,** Plaintiff seeks an entry of a judgment against Defendant FORNARIS that she has violated the FLSA and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights; to be awarded the full amount of actual damages shown to be due for unpaid minimum and overtime wage compensation for her hours worked, with interest; an award of liquidated damages/double damages in an amount equal to the actual damages shown to be due for unpaid minimum and overtime wage compensation; to recover the reasonable attorneys' fees and costs associated with bringing this action; and to be granted any other affirmative and/or equitable relief this Honorable Court deems just and proper under the circumstances.

## JURY DEMAND

The Plaintiff demands a trial by jury on all issues so triable.

Dated: May 29, 2024    Respectfully submitted:

           **MORGAN & MORGAN, P.A.**

         By: ***/s/ Corey L. Seldin***
           Corey L. Seldin, Esq.
           Fla Bar No. 1026565
           Email: cseldin@forthepeople.com
           Phone: (954) 807-7765
           8151 Peters Road, 4th Floor
           Plantation, FL 33324

           *Counsel for Plaintiff*